### In re UNITED FIVE & TEN CENT STORE, Inc.

(District Court, S. D. New York. February 6, 1917.)

1. BANKRUPTCY ⟨⟫314(6)—CLAIMS PROVABLE—TAXES.
   Where a tax was valid under the laws of the state, and under the rule in that state deductions for debts could not be made, the tax could not be disallowed as a claim against the estate of a bankrupt corporation, on the ground that it was unjust or unlawful.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 486.]

2. BANKRUPTCY ⟨⟫314(6)—CLAIMS—TAXES—REVISION.
   The federal courts have power to revise state taxes presented as claims against the estates of bankrupts.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 486.]

In Bankruptcy. In the matter of the United Five & Ten Cent Store, Incorporated, bankrupt. On application for allowance of a tax as a claim against the estate. Report of special master disaffirmed, and tax allowed.

Blau, Zalkin & Cohen, of New York City, for trustee.
Henry M. Hartman, of Trenton, N. J., for city of Trenton.

AUGUSTUS N. HAND, District Judge. [1] A tax was assessed upon personal property of the bankrupt corporation in the city of Trenton valued at $7,800, amounting to $184.86. It is conceded that the bankrupt had assets in the city of Trenton to that amount, but, because the property belonged to an insolvent corporation, the referee held that the tax was unjust and should be disallowed. I do not find that such a tax was not due under the New Jersey law. It was not seriously argued upon the hearing of the motion, nor in the brief submitted for the trustee, that the ruling of the state board of New Jersey to the effect that deductions for debts from the assessed value of tangible or corporeal personal property cannot be made in New Jersey. If this is so, the tax is valid under the state law, and cannot be regarded as unjust or unlawful in any respect.

In Swarts v. Hammer, 194 U. S. 441, 24 Sup. Ct. 695, 48 L. Ed. 1060, the Supreme Court held that there was nothing in the Bankruptcy Act exempting property in the hands of a trustee in bankruptcy from the state and municipal taxes to which similar property from the same locality is subject. Speaking of the property of the bankrupt, the court said:

"It is dedicated, it is true, to the payment of the creditors of the bankrupt, but there is nothing in that to withdraw it from the necessity of protection by the state and municipality, or which should exempt it from its obligations to either."

[2] There is no doubt that federal courts have power to revise state taxes. In the case of New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284, the Supreme Court said:

"The state court may construe a statute and define its meaning, but whether its construction creates a tax within the meaning of a federal statute, giving a preference to taxes, is a federal question, of ultimate decision in this court."

There can be no doubt that the sum sought to be collected by the city of Trenton is a tax, and that it was based upon an assessment of property to the value found by the assessing officer.

For the foregoing reasons, the special master's report should be disaffirmed, and the amount of the tax allowed.