## GORHAM MANUFACTURING COMPANY *v.* WENDELL, INDIVIDUALLY AND AS COMPTROLLER OF THE STATE OF NEW YORK, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 196.   Argued on return to rule to show cause January 22, 1923.—Decided February 19, 1923.

1. In proceedings in the federal courts to enjoin state officials from collecting a tax, alleged to violate the Federal Constitution, the successors of such officials may be substituted as parties when such substitutions are permitted in the courts of the State.   P. 3.
2. In view of the New York practice, and the consent of the parties substituted, *held*, that the State Tax Commission might be substituted for the State Comptroller whose functions have been transferred to it, and the State Attorney General for his predecessor in that office.   P. 5.

THIS case is here on an appeal from a decree of the District Court (274 Fed. 975) dismissing upon the merits a suit brought by the appellant against the Comptroller and the Attorney General of the State of New York to enjoin them from collecting a tax, and penalties.   The matters now disposed of arose upon motions for substitution of parties and a rule to show cause why the case should not be dismissed as to the Comptroller.   See 260 U. S. 708.

*Mr. Robert C. Beatty,* with whom *Mr. George Carlton Comstock* was on the brief, for appellant.

*Mr. Carl Sherman,* Attorney General, and *Mr. C. T. Dawes,* Deputy Attorney General, of the State of New York, joined in the brief with appellant.[1]

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

On December 11, 1922, appellant made a motion to substitute the State Tax Commission of the State of New York as appellee in place of James A. Wendell, former Comptroller of the State of New York, deceased. This was consented to by Charles D. Newton, then Attorney General of New York, the other appellee. On January 1st, Charles D. Newton ceased to be Attorney General and was succeeded in office by Carl Sherman. A second motion is made to substitute the State Tax Commission for Wendell, and Sherman, Attorney General, for Newton. The State Tax Commission and Attorney General Sherman consent to the granting of this motion, indeed they ask that they be admitted as substituted parties. On consideration of the first motion, a rule was issued against appellant to show cause why the case as to the Comptroller should not be dismissed in view of *Irwin* v. *Wright,* 258 U. S. 219, and *United States ex rel. Bernardin* v. *Butterworth,* 169 U. S. 600. The case comes on now for disposition of the two motions.

The suit here is a bill in equity filed by a corporation of Rhode Island in the United States District Court for the Southern District of New York, to enjoin the Comptroller and Attorney General of New York from collecting a corporation tax imposed on the complainant amounting to $13,582.56, under Article 9a of the Tax Law of the

---

[1] *Mr. Charles D. Newton,* former Attorney General of the State of New York, joined in the first motion for substitution.

State of New York, as amended by cc. 90 and 443 of the laws of New York of 1921. The ground alleged for the right to relief is that these chapters of the Tax Laws of New York as applied to the complainant violate its rights under the Constitution of the United States. The bill was dismissed by the District Court and this is a direct appeal from that decree under § 238 of the Judicial Code as amended January 28, 1915, c. 22, 38 Stat. 803.

The question raised by the rule was considered by this Court in *Irwin* v. *Wright,* 258 U. S. 219, 222, and the existing state of the law on the substitution of public officers in suits against their predecessors in this and other federal courts was stated. A suit to enjoin a public officer from enforcing a statute or to compel him to act by mandamus is personal, and in the absence of statutory provision for continuing it against his successor, abates upon his death or retirement from office. In *United States ex rel. Bernardin* v. *Butterworth,* 169 U. S. 600, the suit was to compel Butterworth, the Commissioner of Patents, by mandamus to issue a patent. Butterworth died pending the suit, and this Court refused to allow the plaintiff in error to substitute his successor although that successor consented to the substitution. In compliance with a suggestion from this Court, Congress enacted a statute under which successors of United States officers going out of office pending litigation may now be substituted for them. Act of February 8, 1899, c. 121, 30 Stat. 822. But the statute is not an enabling act in the case of state officers. Reference is made to *Long Sault Development Co.* v. *Call,* 242 U. S. 272, to show from the record that in the State Supreme Court a New York State Treasurer was substituted for his predecessor in office and no objection was made here. That can hardly be regarded as an authority in this Court on the point, for it passed here without notice. The same may be said of *Saranac Land & Timber Co.* v. *Roberts,* 177 U. S. 318, also cited. There is a plain inti-

mation in *Irwin* v. *Wright, supra,* however, that the federal courts can avail themselves of any state provision for substitution, for retiring state or county officers, of their successors in office in suits to enjoin them from action under color of their offices, alleged to be unauthorized or unconstitutional. This intimation is confirmed in *City of Boston* v. *Jackson,* 260 U. S. 309.

It appears from cc. 90 and 443 of Laws of New York, 1921, that the powers and duties vested in the Comptroller have been transferred to the Tax Commission; but this does not, of itself, justify the substitution of the Commission for the Comptroller in a suit which is in its essence a personal suit to prevent his personal violation of law and the rights of the complainant. Had the original suit been brought against the Tax Commission, and if the Commission is a continuous body, the retirement or death of members would not effect the abatement of the suit and successors could be substituted as parties. *Irwin* v. *Wright, supra,* 224; *Marshall* v. *Dye,* 231 U. S. 250; *Richardson* v. *McChesney,* 218 U. S. 487, 492; *Murphy* v. *Utter,* 186 U. S. 95. But that principle is not helpful here because the inherent difficulty in all these cases is not in the liability and suability of the successor in a new suit. It is in the shifting from the personal liability of the first officer for threatened wrong or abuse of his office to the personal liability of his successor when there is no privity between them, as there is not if the officer sued is injuring or is threatening to injure the complainant without lawful official authority. There is no legal relation between the wrong committed or about to be committed by the one, and that by the other. Of course, practically, the question usually presented in such cases is not really a personal one at all. It is the question whether a mode of enforcement of tax laws favorable to the state or county, is lawfully justified, or whether the state law is warranted by the fundamental law of the State or Nation. In such

cases it is, of course, of importance to the State or County that the question at issue be promptly disposed of, and that the incumbent officers charged with the defense of the State's or County's interests maintain and continue that defense whether they were in office at the beginning of the litigation or not. For this reason, where such officers on behalf of State or County consent to the substitution, the federal courts need not be astute to enforce the abatement of the suit if any basis at all can be found in state law or the practice of the state courts for substitution of the successors in office.

In the case before us, counsel have cited the New Civil Practice Act of New York that took effect October 21, 1921, which indicates a broad policy of joining of all parties to any controversy who are necessary to, or proper for, a determination thereof at any stage of the cause and as the ends of justice may require. Sections 192, 193 and 211 are cited. Undoubtedly these sections are very liberal but it may be doubted whether they meet the requirement here or were intended to do so. We need not decide this question, however, for we find ourselves able to reach the right conclusion by accepting the declaration of the Court of Appeals of New York in *People ex rel. Broderick* v. *Morton,* 156 N. Y. 136. In that case a point was raised (though it must be admitted its disposition was not necessary to the ultimate conclusion of the court), as to whether an incoming state officer could be substituted as defendant in a mandamus suit brought against his predecessor. The law did provide for such substitutions in suits against county and municipal officers. Upon this point the Court of Appeals, at page 148, said:

" But there is no apparent reason why the provisions of the Code controlling actions and special proceedings against county, town and municipal officers, should not apply as well to state officers. The practice therein provided for is simple and affords ample protection to all

parties. Section 1930 provides: ' In such an action or special proceeding, the court must, in a proper case, substitute a successor in office, in place of a person made a party in his official capacity, who has died or ceased to hold office; but such a successor shall not be substituted as a defendant, without his consent, unless at least fourteen days' notice of the application for the substitution has been personally served upon him.' "

We infer from this and from the substitution, already referred to, made by the Supreme Court of New York in *Long Sault Development Co.* v. *Call,* 242 U. S. 272, s. c. *Matter of Long Sault Development Co.,* 212 N. Y. 1, that such substitutions are a matter of state practice and law, and, as already said, this enables us to avail ourselves in such a case as this of that practice. *City of Boston* v. *Jackson, supra.*

*The motions for substitution of the State Tax Commission of New York for Wendell, Comptroller, and of Sherman, Attorney General, for Newton, Attorney General, will be granted.*