## GORHAM MANUFACTURING COMPANY *v.* STATE TAX COMMISSION OF THE STATE OF NEW YORK, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 5. Argued April 21, 1924.—Decided November 17, 1924.

1. A taxpayer who has not exhausted the remedy provided before an administrative board to secure the correct assessment of a tax, will not be heard to assert its invalidity in a suit to enjoin its collection. P. 270.
2. So *held,* where a foreign corporation attacked on constitutional grounds a tax for the privilege of doing business in New York, assessed, on the basis of allocated income, under Art. 9–A of the New York Tax Law, as amended in 1918, but had failed to exercise its right under § 218 of that Article to apply for a revision and obtain a hearing before the State Tax Commission, at which it might have submitted evidence, and upon which, if it appeared that the account included taxes which could not have been lawfully demanded, the Commission would have been required to resettle the same " according to law and the facts," and adjust the tax accordingly.

274 Fed. 975, affirmed.

APPEAL from a decree of the District Court which dismissed, upon final hearing, a bill to enjoin collection of a tax. See the next case, *post,* p. 271.

*Mr. James M. Beck,* with whom *Mr. George Carlton Comstock, Mr. Robert C. Beatty* and *Mr. Harold T. Edwards* were on the briefs, for appellant.

*Mr. Carl Sherman,* Attorney General of the State of New York, and *Mr. C. T. Dawes,* for appellees, submitted.

*Mr. Ernest G. Metcalfe* and *Mr. Randolph W. Branch,* by leave of Court, filed a brief as *amici curiae.*

MR. JUSTICE SANFORD delivered the opinion of the Court.

The Gorham Manufacturing Company brought this suit in equity in the District Court to enjoin the collection of a tax assessed against it under Article 9-A of the Tax Law of New York, alleging that the provisions of this Article were in conflict with the due process clause of the Fourteenth Amendment and the commerce clause of the Constitution. The District Court, upon final hearing, dismissed the bill. 274 Fed. 975. And this direct appeal was prosecuted. Jud. Code, § 238.[1]

This Article[2] provides that for the privilege of doing business in the State every foreign manufacturing and mercantile corporation[3] shall pay in advance an annual franchise tax, to be computed by the State Tax Commission, at the rate of three per centum, upon the net income of the corporation for the preceding year. §§ 209, 215. This net income is "presumably the same" as that upon which the corporation is required to pay a tax to the United States, § 209; but the amount thereof as returned to the United States is subject to any correction for fraud, evasion or errors, ascertained by the Commission. § 214. If the entire business of the corporation is not transacted within the State, the tax is to be based upon the portion of such ascertained net income determined by the proportion which the aggregate value of specified classes of the

---

[1] This case was formerly before this Court in *Gorham Manufacturing Co.* v. *Wendell*, 261 U. S. 1, in which a substitution of parties was allowed.

[2] This Article was inserted in the Tax Law (Consol. Laws of 1909, c. 60, p. 4021), by the Laws of 1917, c. 726, p. 2400, and thereafter amended by the Laws of 1918, c. 271, p. 927, c. 276, p. 938, and c. 417, p. 1259, all of which were in effect when the tax in question was assessed. The references in the opinion are to the provisions as they stood after these amendments.

[3] With certain exceptions not here material.

assets of the corporation within the State bears to the aggregate value of all of such classes of assets wherever located. § 214. The corporation shall make the Commission a report showing the State of its organization " and the kind of business transacted "; the amount of its net income for the preceding year as returned to the United States, and, if inaccurate, the amount claimed to be its net income; the value of the specified classes of its assets, within the State and wherever located; and such other facts as the Commission may require for the purpose of making the computation required. § 211. The Commission shall audit and state the account and compute the tax thereon. § 219a.

If within one year after the account is audited and stated the corporation files an application for revision, " the commission shall grant a hearing thereon and if it shall be made to appear upon any such hearing by evidence submitted to it or otherwise, that any such account included taxes or other charges which could not have been lawfully demanded, or that payment has been illegally . . . exacted of any such account, the commission shall resettle the same *according to law and the facts,* and adjust the account for taxes accordingly." § 218. The determination of the Commission upon any application for revision may be reviewed, both upon the law and the facts, upon certiorari by the Supreme Court, on all the evidence, papers and proceedings before the Commission, and, if found erroneous or illegal, the account shall be corrected and restated; and from any determination by the Supreme Court an appeal may be taken to the Court of Appeals.[4] §§ 199, 219.

---

[4] But no certiorari shall be granted unless the full amount of the tax, interest and other charges audited and stated in the account, has been " deposited " with the State Comptroller. § 219.

The Gorham Company is a Rhode Island corporation, engaged, under its charter, in the business of manufacturing and selling silverware, bronze and metal ware. All of its manufacturing is done in Rhode Island. It has there its main office and sells its ware to customers in all the States of the Union and some foreign countries. It also has a branch office and showrooms in New York City, where it keeps on hand a stock of its ware, partly samples, makes sales to customers from such stock and takes orders for ware to be shipped from the Rhode Island factory. In 1917, however, it also engaged extensively in the manufacture and sale of munitions. No part of this business was carried on in New York.

The Company, in 1918, made a report to the Commission in compliance with the Tax Law. In this report, both as originally filed and later amended, it stated that the business which it transacted was " manufacturing and selling silverware, bronze and metal ware "; gave the amount of its net income for the year 1917 as determined by the United States, claiming only one deduction therefrom, namely, the amount paid for federal income taxes, and stated the aggregate values of the classes of its assets specified in the Tax Law, both in New York and wherever located. It did not, however, show that it was also engaged in manufacturing and selling munitions, that its net income as reported was derived to any extent from that business, or that it did not manufacture any ware in New York.

The Commission thereupon audited and stated the Company's account, and computed the tax thereon, of which it gave the Company notice.[5]  The Company, how-

---

[5] The amount of this tax was somewhat larger than that which would result, as a matter of calculation, from the figures set forth in the Company's report. It is stated in the opinion of the District Court that the " tax as actually assessed contained a duplication of the accounts receivable." And it is conceded that the Commission did not deduct the federal income taxes from the net income.

ever, did not apply to the Commission for a revision of the account and resettlement of the tax, but, within less than one year after the account had been audited and stated, brought this suit in the federal court to enjoin the collection of the tax.

The Company insists that the inclusion in the net income upon which the tax was based of the income derived from business not carried on in New York, in the manufacture and sale of munitions and the manufacture of ware, and the allocation of that net income to New York by the statutory ratio into which only certain assets entered, has resulted in an assessment against it of a tax based upon an allocated income greatly in excess of that in fact derived from the business of selling ware which it carried on within the State. The grounds upon which it challenges the constitutionality of the law are, in substance, as summarized in its brief: (1) That a State cannot constitutionally levy a tax computed on an allocated part of the total net income of a foreign corporation, where the allocation includes certain arbitrarily selected factors, none of which are determinative of net income, and omits other factors equally important, and the result is to allot more income to the State than was earned there and employ income totally unrelated thereto to enlarge the measure of the tax; and (2) That such a tax upon the income earned without the State by a foreign corporation engaged principally in interstate commerce, is a direct burden upon such commerce.

We are of the opinion, however, that, without reference to these constitutional questions, the bill was properly dismissed by the District Court because of the failure of the Company to avail itself of the administrative remedy provided by the statute for the revision and correction of the tax.

A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct as-

sessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity. *Farncomb* v. *Denver,* 252 U. S. 7, 10; *Milheim* v. *Moffat Tunnel District,* 262 U. S. 710, 723; *McGregor* v. *Hogan,* 263 U. S. 234, 238; *First National Bank* v. *Weld County,* 264 U. S. 450, 455.

The Company did not report to the Commission any of the facts upon which it now challenges the validity of the tax. Its report indicated that its net income was derived solely from carrying on in New York and elsewhere the unitary business of manufacturing and selling ware. After the account had been audited and the tax computed, it was entitled, as a matter of right, to make application for a revision of the tax and to a hearing before the Commission, at which it might submit evidence; and if it appeared that the account included taxes which could not have been lawfully demanded, the Commission was required to resettle the same " according to law and the facts ", and adjust the tax accordingly. The Company, however, made no application to the Commission for a revision of the tax; it submitted no evidence to the Commission as to any of the matters on which it now relies, either as to the inclusion of profits derived from the munitions business or otherwise; and it did not request the Commission to resettle the tax on the ground of any error or invalidity, in matter either of fact or law.

Under these circumstances we think that the Company, having failed to avail itself of the administrative remedy provided by the statute for the correction of the tax, was not entitled to maintain a bill in equity for the purpose of enjoining its collection.

The decree of the District Court is

*Affirmed.*