## THIRD DEPARTMENT, APRIL, 1928.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* TROPICAL FRUIT CORPORATION, Respondent.

*Taxation — Tax Law,* § 181 — *franchise tax on foreign corporation — corporation liable though it has not secured certificate of authority under Stock Corporation Law,* § 110.

Appeal from a judgment of the Supreme Court, entered in the Albany county clerk's office on May 29, 1927.

PER CURIAM. We are of opinion that section 181 of the Tax Law, as amended,* may permit the recovery of a tax; and it was error to dismiss the complaint. The issue as to whether defendant has been doing business in this State, and is, therefore, liable for the tax, should be tried. While the statute is somewhat obscure in its language we are of the opinion it was the intent of the Legislature that a foreign corporation should be liable for a tax regardless of whether the corporation obtained the certificate provided in section 110 of the Stock Corporation Law.† In principle the case is somewhat analogous to those cases where domestic corporations are required to pay a tax for the privilege of doing business, or where, as has been said, a compensation is " exacted for the privilege which the State might refuse " (*People ex rel. Cornell Steamboat Co.* v. *Sohmer,* 206 N. Y. 651; affd., 235 U. S. 549); and where such a corporation has done business unauthorized by its charter it may not escape payment of the tax or compensation on the theory that it had not obtained authorization. (*Matter of Newton Creek Towing Co.* v. *Law,* 205 App. Div. 209; affd., 237 N. Y. 578.) This corporation should obtain no advantage over other foreign corporations legally doing business in the State by failing to comply with the terms of the statute. (Stock Corp. Law,

---

* Amd. by Laws of 1922, chap. 375. Since amd. by Laws of 1924, chap. 332.— [REP.

† Since amd. by Laws of 1924, chap. 441, being formerly Gen. Corp. Law, § 15, as amd. by Laws of 1917, chap. 594. Repealed by Laws of 1927, chap. 425; Id. §§ 2–4; now Gen. Corp. Law, § 15 *et seq.*, as added by Laws of 1927, chap. 425.— [REP.

§ 110.) The only direct penalty for a disregard of the provisions of the statute last cited is a disability to sue (*Mahar* v. *Harrington Park Villa Sites*, 204 N. Y. 231), but we do not consider the imposition of a tax on a foreign corporation for doing business in this State is in any sense a penalty. Van Kirk, Hinman, Davis, Hill and Hasbrouck, JJ., concur. Judgment reversed on the law, and new trial granted, with costs to the appellant to abide the event.