## In re THERMIODYNE RADIO CORPORATION.

District Court, D. Delaware.    May 18, 1928.

No. 579.

1. **Bankruptcy ⊂⇒314(6)—Bankruptcy court has authority to determine legality and amount of state tax imposed against bankrupt (Bankruptcy Act, § 64a; 11 USCA § 104(a).**

Under Bankruptcy Act, § 64a, 11 USCA § 104(a), bankruptcy court has authority to determine, in the proper administration of bankruptcy estate and distribution of assets among creditors, the question of legality and amount of tax imposed against bankrupt by state taxing authorities.

2. **Taxation ⊂⇒397—Foreign corporation held taxable under state law on no par value capital stock as of its value on October 31 succeeding date it began business (Tax Law N. Y. § 214).**

Under Tax Law N. Y. (Consol. Laws, c. 60), § 214, imposing tax on foreign corporations doing business within state, a foreign corporation which was not subject to franchise tax based on its net income *held* taxable on no par value capital stock as of its value on October 31 succeeding date it began doing business within state.

In Bankruptcy. In the matter of the bankruptcy of the Thermiodyne Radio Corporation. Application by the state of New York for review of an order of the referee reducing amount of claim for franchise taxes. Petition for review dismissed, and order of the referee affirmed.

Albert Ottinger, Atty. Gen., of New York, and Robert P. Beyer and William Matthews, Deputy Asst. Attys. Gen., for the State of New York.

James I. Boyce, of Wilmington, Del., and Ralph M. Arkush, of New York City, for trustee.

MORRIS, District Judge. A claim filed against the bankrupt by the state of New York for franchise taxes in the sum of $3,625 was allowed by the referee to the extent of $2,125 only. Upon this petition for review, filed by the state of New York, two basic questions only are raised. The one most strenuously urged is that the tax imposed, if incorrect, may be corrected only by the agencies of the state duly constituted therefor, and, the correctness of the tax imposed by the tax commission not having been challenged in the manner provided for by the state, the tax assessed became a fixed and determined liability of the corporation, and is not reviewable by the referee or other court of bankruptcy. The remaining question, if a court of bankruptcy, in the administration of the bankrupt estate, has power to ascertain the amount of tax due, is whether the amount thereof fixed by his order is correct.

The taxing state, in support of its contention that a court of bankruptcy is without power to question the legality or amount of a tax claim filed in the bankruptcy proceedings, relies upon Gorham Mfg. Co. v. Tax Comm., 266 U. S. 265, 45 S. Ct. 80, 69 L. Ed. 279, and Providence Engineering Corporation v. Downey Shipbuilding Corp. (D. C.) 8 F.(2d) 304. While these cases give unqualified support to the proposition that a taxpayer, who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity, yet the question of the power of a court of bankruptcy to ascertain the correctness of a tax claim filed against the bankruptcy estate was not before the court in either case. Consequently these decisions are here without controlling or persuasive force. The law, in the light of which the power of the bankruptcy court with respect to taxes is to be ascertained, is to be found in the Bankruptcy Act and the decisions of the court thereunder. Section 64a of that act (11 USCA § 104[a]) expressly provides: " * * * In case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

[1] Construing this section, the courts have, I think, been unanimous in holding that a bankruptcy court is not bound by the action of the taxing authority, but must determine for itself, in the proper administration of the bankruptcy estate and proper distribution of the assets among the creditors, the question of legality and amount. New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284; In re Heffron Co. (D. C.) 216 F.

642. In re E. C. Fisher Corp. (D. C.) 229 F. 316; In re United Five & Ten Cent Store (D. C.) 242 F. 1005.

The power of the referee to determine the correctness of the tax claim filed being clear, it but remains to determine whether his finding with respect thereto is correct. The pertinent provisions of the state Tax Law (Consol. Laws, c. 60, § 214), imposing the liability to a tax and prescribing the rule by which the amount thereof is to be ascertained, are: " * * * Every foreign corporation doing business in this state, * * * shall be subject to a minimum tax of not less than ten dollars and not less than one mill upon each dollar of such a part of its issued capital stock, at its face value, as the amount of its gross assets employed by it in its business in this state bears to its gross assets wherever employed by it in its business. But if such a corporation has stock without par value, then the base of the tax, with relation to such stock, shall be such a portion of such issued capital stock, at not less than its actual or market value, and not less than five dollars per share, as may be determined by the tax commission, as its gross assets employed in its business in this state bear to the entire gross assets employed in its business. Whenever a corporation organized prior to the first day of November in any year is not subject to a franchise tax based on its net income, as provided in section two hundred and nine of this article, it shall be subject to the minimum tax provided by section two hundred and fourteen of this article, based on its issued capital stock as of the thirty-first day of October succeeding the date of its incorporation, or, in the case of a foreign corporation, the date of its beginning business in this state. * * *"

[2] The facts to which this law is to be applied in the ascertainment of the correct amount of tax due are that the bankrupt, a Delaware corporation, having 250,000 shares of capital stock without par value issued and outstanding, began business in the state of New York on November 12, 1924. All of its shares employed in business were so employed in that state. The shares were traded in on the New York Curb. From November 12, 1924, to June 24, 1925, the date upon which the corporation filed its annual report, the highest price for which the shares were sold was $22.50 and the lowest price $6.50. The state tax commission ascertained the market value of the shares by finding the average—$14.50—of the extremes at which the stock was sold during that period. Multiplying that value by the number of shares is-

sued, and the product so had by the rate of one mill, a tax of $3,625 was arrived at and assessed. For his base the referee took the average of the high and low market prices, $8 and $9, respectively, on October 31, 1925, and, by like procedure, found the tax due to be $2,125.

The bankrupt was organized in October, 1924, and the record discloses that it was not subject to a franchise tax based on its net income. Consequently, under the last-quoted clause of the statute it was subject to the minimum tax based on its issued capital stock as of the 31st day of October succeeding November 12, 1924. In the ascertainment of the amount of the tax against the bankrupt the statute fixed as one factor the number of shares outstanding on October 31, 1925. While the date with respect to which the factor of value is to be ascertained is, possibly, not specified with equal clearness, yet I find nothing in the statute or in reason to indicate that it should be ascertained as of a different date or period.

Being of the opinion that the referee's finding with respect to the tax is correct, the petition for review must be dismissed, and the order of the refereee affirmed.