THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* COE MANU-
FACTURING COMPANY, Defendant.

Supreme Court, Albany County, June, 1930.

*Hamilton Ward, Attorney-General* [*Borden H. Mills* of counsel],
for the People.

*Leon R. Jillson,* for the defendant.

STALEY, J.   Plaintiff moves for judgment on the pleadings.   The
action is brought against a foreign corporation to recover unpaid
franchise taxes.

A foreign corporation is liable for a franchise tax upon business
done within this State independent of legal authority to transact
business within the State.   (*People* v. *Tropical Fruit Corporation,*
252 N. Y. 605, affg. 223 App. Div. 864.)

The answer admits the sending of notice of audit of the annual
accounts for taxes as alleged in the complaint and admits non-
payment except as alleged in the complaint.

The remedies of a taxpayer to contest the validity of a tax are set
forth in sections 218 and 219 of the Tax Law (as respectively amd.
by Laws of 1929, chap. 184, and Laws of 1928, chap. 20).   The
defendant has failed to avail itself of these remedies and assert its
claim of illegal tax in accordance with the requirements of the statute.

A taxpayer who does not exhaust the remedy provided before an
administrative board to secure the correct assessment of a tax cannot

thereafter be heard by a judicial tribunal to assert its invalidity. (*Gorham Mfg. Co.* v. *State Tax Commission of State of New York,* 266 U. S. 265, at p. 269; *Providence Engineering Corporation* v. *Downey Shipbuilding Corporation,* [D. C. ] 8 F. [2d] 304.)

The assessment of the tax raises a presumption that it is correct, and the burden is upon the taxpayer through the procedure provided by statute to assert the contrary and destroy the presumption. (*People ex rel. Kohlman & Company* v. *Law,* 239 N. Y. 346, at pp. 348 and 349.)

The tax is against the corporation and not against its property, and statutory authority exists through section 219-f of the Tax Law (added by Laws of 1917, chap. 726, as amd. by Laws of 1929, chap. 297) for the present action. The defendant is precluded in this action from asserting a right of review of the assessment, as its privilege to do so both in time and manner of procedure are definitely set forth in the statute, and this privilege was waived by defendant, which is now barred by lapse of time to invoke it here.

Order may be entered granting motion for judgment on the pleadings for the amount demanded in the complaint, with ten dollars costs.