THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* AFIA FINANCE CORPORATION, Defendant.

Supreme Court, Albany County, October 3, 1930.

*Hamilton Ward, Attorney-General* [*Borden H. Mills* of counsel], for the plaintiff.

*Alexander & Green* [*H. S. Ogden* of counsel], for the defendant.

McNAMEE, J. The defendant is a foreign corporation which admittedly was doing business in the State during the year 1925, and up to November 1, 1926, but which surrendered its certificate to do business therein on November 26, 1926. The defendant was assessed for the privilege of doing business in this State for the year beginning November 1, 1926, the sum of $8,487.18, under article 9-A of the Tax Law, and upon the failure to pay that sum penalties in the sum of $1,273.08 were also assessed against the defendant, which were not paid. No proceedings were taken by the defendant under sections 218 and 219 of the law (as respectively amd. by Laws of 1929, chap. 184, and Laws of 1928, chap. 20) in question for a revision and readjustment of the assessments, or for a review thereof by certiorari. Pursuant to section 219-f of the Tax Law (as amd. by Laws of 1929, chap. 297) this action was brought to recover these amounts.

The complaint states a cause of action to justify a judgment for both the tax and the penalties, and interest on the amount of tax assessed. The answer of the defendant denies in positive form that the tax in question was duly assessed, and upon information and belief denies that the penalties were duly assessed. Many other denials are set forth, either on information and belief, or denying knowledge or information of the allegations of the complaint sufficient to form a belief, which are open to criticism as to form and sufficiency, but which need not be discussed for other reasons that will appear. By way of defense the defendant alleges it was not subject to the tax imposed because it had done no business

in New York on or after November 1, 1926; and if any tax were assessable it was for only that fraction of the year represented by twenty-six days, and that no part of the penalties were assessable, and also that it was exempt from franchise tax under the provisions of section 210 of the Tax Law, as amended.

Not having interposed these denials and defenses before the Tax Commission on an application for revision and readjustment, and not having reviewed the action of the Commission by certiorari, as the defendant might have done under the sections of the Tax Law first above mentioned, those denials and defenses are not available to the defendant in this action. (*Gorham Mfg. Co.* v. *State Tax Commission*, 266 U. S. 265, 269; *Providence Engineering Corporation* v. *Downey Shipbuilding Corporation*, 8 F. [2d] 304; *People* v. *Coe Manufacturing Co.*, 137 Misc. 878.)

The defendant also asserts by way of defense that it was not amenable to process in this action at the time of its commencement, and that the service of the summons herein on the Secretary of State in behalf of the defendant was void. The defendant by order to show cause granted by a justice of this court made application to set aside the service of the summons herein, and upon papers submitted and a full hearing of counsel in behalf of both plaintiff and defendant, an order was made by the late and greatly lamented Mr. Justice NICHOLS holding the service of the summons regular and effective. That order not having been vacated and reversed states the law of the case.

The motion for judgment on the pleadings is granted in favor of the plaintiff and against the defendant for the relief demanded in the complaint, with ten dollars costs.

Enter an order accordingly.