IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Manor Holding, LP and       :
Mountain Manor Development    :
Company, LP,                   :
            Appellants      :
                              :
          v.              :
                              :
Monroe County Tax Claim Bureau  :
and the Monroe County Board of   :   No. 1477 C.D. 2017
Assessment Appeals          :   Argued: June 4, 2018


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: August 15, 2018


      M. Manor Holding, LP (Manor) and Mountain Manor Development Company, LP appeal from the September 1, 2017 order of the Court of Common Pleas of Monroe County (trial court) denying their request to remove properties from the scheduled upset tax sale to enable the companies to take action to correct property tax assessments and obtain an adjustment on the real estate tax claims. The trial court concluded that it could not provide the companies with relief because Manor did not challenge the assessments with the Monroe County Board of Assessment Appeals (Board) or the tax claims with the Monroe County Tax Claim

Bureau (Bureau), and therefore, the companies failed to exhaust statutory remedies. We affirm.

On April 28, 2015, Manor took title to 27 parcels of real property (Properties) located in Smithfield Township, Monroe County, Pennsylvania.[1] Reproduced Record (R.R.) at 15a-23a. After purchase of the Properties, Manor failed to pay property taxes for the 2015, 2016 and 2017 tax years. *Id.* at 121a. Due to the nonpayment of taxes, the Bureau scheduled the Properties for the September 13, 2017 upset tax sale.[2] On August 17, 2017, Manor filed an "Expedited Petition to Remove Properties from the September 13, 2017 Upset Sale and Set Proper Assessment" (Petition) requesting that the trial court remove the Properties from the tax sale to enable Manor to "proceed with the appropriate action to correct the Board's assessments of the Properties" and to adjust the "real estate tax monies due for the Properties."[3] Petition ¶ 17. On September 1, 2017, the trial court held a hearing on the matter.

---

[1] As reflected in the caption, Mountain Manor Development Company, LP is also an appellant in this matter. Mountain Manor Development Company, LP owns title to one parcel located in Smithfield Township, Monroe County, Pennsylvania. Reproduced Record (R.R.) at 31a-34a. This parcel was exposed to the September 13, 2017 upset tax sale but did not sell for failure to receive an adequate bid. *Id.* at 264a. Though still a named party to this matter, after filing this appeal, Manor represented to this Court that "the main party in interest as an Appellant to this matter is . . . Manor." Manor Affidavit, filed 5/24/2018, ¶ 4. At the hearing before the trial court, the evidence presented related only to the Properties owned by Manor. Therefore, to the extent the parties raise any issues relating to the parcel owned by Mountain Manor Development Company, LP, we deem the issues waived.

[2] Although not clear in the record, it appears that the tax sale resulted from Manor's failure to pay 2015 taxes for the Properties. *See* Section 308(a) of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.308(a) (noting that delinquent taxpayer has a one-year grace period to pay off tax bill from when the taxing bureau provides notice to taxpayer of entry of tax claim before property is advertised and listed for sale).

[3] Despite the title of Manor's Petition before the trial court, Manor did not request that the trial court change the Properties' assessments, but only that the Properties be removed from the

At the hearing, the undisputed evidence showed that in September 2011 the use of the Properties changed from a golf course to a "pasture" but that the 2016 assessment records listed them as a "green" and an "active golf course." R.R. at 76a, 80a-81a. Further, in 2016 and 2017, Manor removed several buildings from the Properties, although the Board had no records of their demolition.[4] *Id.* at 91a, 96a-98a, 101a-02a, 134a, 136a & 149a. Manor received the 2015, 2016 and 2017 tax bills for the Properties and did not appeal the 2015 or 2016 assessments. *Id.* at 117a & 118a. Manor filed assessment appeals challenging the 2017 assessment on two parcels of the Properties (these appeals are not before us in the case *sub judice*). *Id.* at 118a & 136a-37a.

At the end of the hearing, the trial court denied the Petition. In so ruling, the trial court concluded, in pertinent part, that Manor failed to exhaust its statutory remedies, and consequently, the court could not address Manor's request to change the assessments and remove the Properties from the tax sale. After the trial court's decision, Manor paid the taxes and the Properties were removed from the tax sale. *Id.* at 264a.

On appeal,[5] Manor requests a reversal of the trial court's decision, arguing that the trial court erred in its interpretation of the law pertaining to the

---

tax sale so that Manor could take the necessary steps to challenge the assessments on the Properties.

[4] Some of the buildings had been removed by prior owners in addition to the approximately nine buildings that Manor removed in 2016 and 2017. R.R. at 96a, 102a & 109a.

[5] This Court's review on appeal from the decision of a trial court in a tax assessment appeal is limited to determining whether the trial court abused its discretion, whether it committed an error of law, or whether its decision is supported by substantial evidence. *RAS Dev. Corp. v. Fayette Cty. Bd. of Assessment Appeals*, 704 A.2d 1130, 1133 (Pa. Cmwlth. 1997) (citing *Westinghouse v. Bd. of Assessment,* 652 A.2d 1306 (Pa. 1995)).

Board's duties regarding assessments. Manor's Brief at 23 & 27. Manor also argues that notice of the sale was not properly posted on the Properties. *Id.* at 29-33. The Bureau and the Board contend that this case is moot because Manor paid the taxes on the Properties, thereby removing them from the sale and preventing them from being listed for sale again. Board's and Bureau's Brief at 22. The Bureau and the Board further contend that, even if this case is not moot, the trial court correctly concluded that Manor failed to exhaust its statutory remedies by failing to appeal the assessments and the tax claims before the Board and the Bureau, respectively. *Id.* at 17.

Initially, we address the Bureau's and the Board's mootness argument. Manor argues that this case is not moot, as it suffered harm by overpaying taxes because the Properties were incorrectly assessed, and it now seeks an adjustment in its assessments and corresponding taxes. Manor Affidavit, filed 5/24/2018, ¶¶ 13, 15 & 16. Manor paid the taxes to avoid losing its Properties and now claims it suffered damages, which this Court can remedy, and which are in a "different form" from the relief it requested at the inception of this case. *Id.* ¶¶ 13 & 15. At the outset, Manor only requested that the Properties be removed from the tax sale for lack of notice and so it could take appropriate steps to have the Properties reassessed.[6] Petition ¶ 17.

As a general rule, an actual case or controversy must exist at all stages of the judicial process or a case will be dismissed as moot. *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). The cases that present an issue of mootness involve litigants

---

[6] Manor asserted that the Bureau did not properly serve Manor with notices of the tax sale as required by Section 602 of the RETSL, 72 P.S. § 5860.602, because Manor only received 23 of the 27 notices for the 27 parcels. The trial court rejected this argument, stating that Manor "had actual notice of the sale, overcoming this deficiency in the notice requirement." Trial Court Opinion, 12/6/2017, at 6. On appeal, Manor does not challenge this conclusion.

4

that had standing to sue at the outset of the litigation but, after the lawsuit has gotten underway, changes in the facts or in the law occur that may deprive the litigant of the necessary stake in the outcome. *Id.* If a change in facts or law renders it impossible for the court to grant relief, then the question is moot. *Id.* at 120.

Before the trial court, Manor asserted that the Properties had not been properly posted for the upset tax sale, per Section 602 of the Real Estate Tax Sale Law (RETSL), 72 P.S. § 5860.602. In support of this assertion, Manor presented the testimony of its partner, who testified that he did not see any postings when visiting the Properties. R.R. at 106a. The Bureau presented testimony regarding the process for posting the Properties and executed affidavits of posting, which the trial court admitted into evidence. *Id.* at 128a, 131a-32a & 196a-249a. Relying on the affidavits, the trial court concluded that the Bureau met its burden of proving posting of the Properties. Trial Court Opinion, 12/6/2017, at 6-7. On appeal, Manor claims that the trial court erred by refusing to accept the testimony that supported its assertion that the Properties were not posted. Manor's Brief at 32-33. Manor's argument regarding the posting of the Properties for sale is moot, as Manor paid the taxes and the Properties were not exposed to the sale that Manor sought to avoid. R.R. at 264a.

Additionally, Manor's request that the Properties be removed from the tax sale due to a failure to properly assess the Properties is technically moot because the Properties were removed from the sale upon Manor's payment of the delinquent taxes. However, in cases where an appeal is technically moot, a court may proceed to address the merits of a claim "where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's

decision." *Sierra Club v. Pa. Pub. Util. Comm'n*, 702 A.2d 1131, 1134 (Pa. Cmwlth. 1997) (en banc), *aff'd*, 731 A.2d 133 (Pa. 1999). Manor's assertion that the Board failed to abide by its duties relating to property assessments, and by failing to adjust the Properties' assessments when the property use changed, is conduct that is likely to be repeated and could evade judicial review. As is the case here, a party may need to pay delinquent taxes to avoid an upset tax sale prior to having sufficient time to have its claim fully litigated. Consequently, Manor's claim regarding the assessment procedures falls within an exception to the mootness doctrine, and we will consider this claim.

In support of its request for relief to this Court, Manor contends that the trial court erred because it did not properly interpret Sections 8817 and 8841 of the Consolidated County Assessment Law (CCAL), 53 Pa. C.S. §§ 8817 and 8841, which Manor claims imposes a duty on the Board to annually update its records to ensure "sufficient and proper appraisals."[7] Manor's Brief at 23 & 27. Manor claims that had the Board performed its statutory duty, its records would have shown the changes in the Properties' use resulting in a substantial reduction in the amount of taxes owed by Manor. *Id.* at 20.

The Board asserts that the trial court appropriately denied Manor's Petition because Manor did not file assessment appeals with the Board for the years 2015 and 2016 and did not file exceptions to the tax claims with the Bureau, thereby,

---

[7] Section 8817 provides, in relevant part, that "the assessors may change the assessed valuation on real property when a parcel of land is subdivided into smaller parcels or when improvements are made to real property or existing improvements are removed from real property or are destroyed." 53 Pa. C.S. § 8817. The assessed value is defined as "[t]he assessment placed on real property by a county assessment office upon which all real estate taxes shall be calculated." 53 Pa. C.S. § 8802. Section 8841 requires the preparation of the assessment roll by the county assessment office annually on or before July 1. 53 Pa. C.S. § 8841. It also provides for the form of the assessment roll, interim revisions to the assessment roll and for public inspections of the assessment rolls. *Id.*

6

failing to exhaust its statutory remedies. Board's and Bureau's Brief at 10 & 17. The Board also contends that the CCAL does not impose a duty to annually update the assessment records and that imposing such a duty would "equate to a mandatory annual county-wide reassessment" and run contrary to the intent of the law, which "relies upon the property owner and not the assessment office to ensure correct assessment of their property." *Id.* at 10. To the extent the CCAL authorizes the Board to change its assessment records based on the county assessor's interim changes to the assessed valuations, the Board argues that the law does not place an "affirmative duty" on the Board or assessor to "annually inspect each property in the county to determine whether improvements were removed and revise the assessment roll accordingly." *Id.* at 10, 12-13.

Here, the trial court concluded that it could not provide Manor with relief because Manor failed to exhaust its statutory remedies. We agree. The trial court explained:

> M. Manor had a remedy at law to address its concerns about its tax-delinquent property. It could have filed an assessment appeal and exceptions to the return of its unpaid taxes. It did neither. A court of equity will not invoke its jurisdiction where there is an adequate remedy at law and statutory remedies, if adequate, must be exhausted before equitable jurisdiction may be resorted to.

Trial Court Opinion, 12/6/17, at 5.

The Statutory Construction Act of 1972 provides that "[i]n all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued . . . ." 1 Pa. C.S. § 1504. The Supreme Court of Pennsylvania has noted that "[i]t is well-settled that a party may not seek judicial resolution of a dispute until he or she has exhausted

available administrative remedies." *City of Phila. v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016) (citing *Canonsburg Gen. Hosp. v. Dep't of Health*, 422 A.2d 141, 144 (Pa. 1980)). In light of this rule, our Supreme Court explained that "'[a] taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of tax [ ] cannot thereafter be heard by a judicial tribunal to assert its invalidity.'" *Id.* at 1025 (citing *Commonwealth, to Use of Unemployment Comp. Fund v. Lentz*, 44 A.2d 291, 293 (Pa. 1945) (quoting *Gorham Mfg. Co. v. State Tax Comm'n of N.Y.*, 266 U.S. 265, 269-70 (1924))).

This Court has also recognized that a taxpayer must exhaust the remedies provided by statute to challenge a tax assessment and to obtain a tax refund from a political subdivision. *Jordan v. Fayette Cty. Bd. of Assessment Appeals*, 782 A.2d 642 (Pa. Cmwlth. 2001).

> The doctrine of exhaustion of administrative remedies as a restraint upon the exercise of a court's equitable powers not only reflects a recognition of the general assembly's directive of strict compliance with statutorily-prescribed remedies, it also acknowledges that an unjustified failure to follow the administrative scheme undercuts the foundation upon which the administrative process was founded.

*Id.* at 646 (quoting *Shenango Valley Osteopathic Hosp. v. Dep't of Health*, 451 A.3d 434 (Pa. 1982)).

The legislature provided adequate[8] procedures to challenge assessments in the CCAL. To challenge the Properties' assessments, Manor had to file a timely appeal with the Board. Section 8844(c)(1) of the CCAL provides for the "annual

---

[8] Manor does not challenge the adequacy of any applicable statutory remedies.

appeal deadline" and requires any person "desiring to make an appeal" to "on or before September 1 . . . file with the board an appeal, in writing." 53 Pa. C.S. § 8844(c)(1). This statutory remedy is "exclusive and mandatory." *In re Rausch Creek Land, L.P.*, 59 A.3d 1, 6 (Pa. Cmwlth. 2012). Manor did not avail itself of this remedy.

The trial court also noted that Section 314(a) of the RETSL provides an adequate statutory remedy for those that seek to assert the invalidity of the tax owed.[9] However, Manor's Petition did not claim that the tax due was not correct based upon the actual assessments, but merely sought to remove the Properties from the tax sale due to the Board's alleged failure to properly assess the Properties. Section 314(a) provides that:

> Any claim for taxes may, prior to the time it becomes absolute, be set aside or reduced in amount by the bureau with which it is filed if the claim is found invalid in whole, or in part, by reason of the fact that the taxes for which the claim was entered were paid in whole, or in part, to a proper officer or agent of the taxing district, or is found invalid, in whole or in part, for any other reason *not involving a question which could have been raised by an appeal provided for by law*.

72 P.S. § 5860.314(a) (emphasis added).

---

[9] Section 314(a) of the RETSL provides that the tax bureau may set aside or reduce any claim for taxes prior to the time the claim becomes absolute. 72 P.S. § 5860.314(a). To set aside or reduce the tax claim, exceptions to the claim must be filed with the bureau "before the day fixed for the claim to become absolute." 72 P.S. § 5860.314(b). Claims become absolute if the delinquent taxpayer has not paid the amount of the tax claim or filed exceptions by January 1 after the notice of return and tax claim has been served on the owner(s). 72 P.S. §§ 5860.311 & 5860.308 (explaining that the tax bureau "shall" give only one notice of the "return of said taxes and the entry of such claim" by no later than July 31 of each year); *In re Upset Sale Tax Claims Bureau of Montgomery Cty.*, 205 A.2d 104, 106 (Pa. Super. 1965).

Here, not only did Manor fail to take exception to the tax claims before they became absolute, any question raised concerning the validity of the tax owed in this case is based upon the assessments of the Properties and "could have been raised" in an appropriate tax assessment appeal. Such claims, therefore, would be inappropriately asserted under the RETSL. *See supra* p. 9; *Rausch Creek*, 59 A.3d at 6 (holding that taxpayer could not pursue its disguised assessment appeals with the Bureau because taxpayer failed to file its grievances with the County Board of Assessment Appeals). Therefore, we need not consider Manor's failure to exhaust its statutory remedies under the RETSL.

As Manor did not file an assessment appeal with the Board challenging the Properties' assessments for the 2015 and 2016 tax years, Manor did not properly exhaust the statutory remedy available to it. Therefore, the trial court correctly concluded that it could not address Manor's issue regarding the Board's duties with respect to the Properties' assessments for those years. Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. Manor Holding, LP and<br>Mountain Manor Development<br>Company, LP,<br>        Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| Monroe County Tax Claim Bureau<br>and the Monroe County Board of<br>Assessment Appeals | : | No. 1477 C.D. 2017 |

## O R D E R

AND NOW, this 15th day of August, 2018, the order of the Court of Common Pleas of Monroe County, dated September 1, 2017, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge