MAVERICK OIL COMPANY v. HANSON & a.

A petition for a *mandamus* is not the proper process for the removal of an oil inspector from office on the alleged ground of his ineligibility.

PETITION for a *mandamus* to restrain Hanson from exercising the duties of the office of inspector of petroleum in Somersworth, on the ground that he is ineligible to the office, and that the compensation fixed by the selectmen for his services is excessive and unreasonable; and to command the other defendants, who are selectmen of Somersworth, to remove him from office and appoint a suitable person thereto, and fix a just and equitable compensation for his services. Facts found by the court. The plaintiffs are the defendants in *Hanson v. Company, ante,* and the defendant Hanson is the plaintiff in that action; the facts there stated are made a part of this case. There was evidence tending to show that at the time of Hanson's appointment he was, and ever since has been, an employé of a person who was interested in the sale of kerosene oil. The compensation fixed by the selectmen for his services is unreasonably large.

*David R. Pierce* and *Frink & Batchelder,* for the plaintiffs.

*Russell & Boyer,* for the defendants.

CHASE, J.   This is not a proper proceeding to determine Hanson's right to the office in question. It should have been an information in the nature of *quo warranto,* or a petition therefor brought in the name of the attorney-general as representative of the state. *Osgood* v. *Jones,* 60 N. H. 543. As Hanson is an officer *de facto,* at least (*Jewell* v. *Gilbert,* 64 N. H. 13), it does not appear that there is any occasion for a *mandamus* to fill the office by a new appointment and incidentally fix the appointee's compensation.

                                                    *Petition dismissed.*

CARPENTER, J., did not sit: the others concurred.