DÍAZ NAVARRO, PETITIONER, v. KERN, ATTORNEY GENERAL, RESPONDENT.

PETITION for a Writ of Mandamus to the Attorney General of Porto Rico.

No. 167.—Decided December 14, 1917.

MANDAMUS—PUBLIC OFFICE—APPOINTMENT OF OFFICERS.—When an office is already held by a person who discharges the duties thereof a writ of mandamus

does not lie to compel the appointment of another candidate or to decide the question of the right to the office.

Id.—Id.—Id.—When the obligation on the part of the respondent to perform the act desired by the petitioner does not clearly appear from the face of the petition a writ of mandamus does not lie.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The defendant appeared *pro se* and by *Fiscal Salvador Mestre.*

Mr. Justice del Toro delivered the opinion of the court.

Herminio Díaz Navarro filed a petition in this court for a writ of mandamus directed to the Attorney General of Porto Rico commanding him to order the delivery of the notarial protocols of the district of San Juan to the petitioner.

In his petition he alleges the following:

"That, as is shown by the records of the Supreme Court, he is the senior practicing attorney of this district.

"That, as is also shown by the records of the Supreme Court, he has been holding the office of General Archivist of the notarial protocols of the district.

"That on account of having suffered an automobile accident he was declared by the District Court of San Juan to be incapable of practicing his profession.

"That in consequence of the court's action Attorney Juan Guzmán Benítez was appointed to the said office.

"That the District Court of San Juan having rendered a decision, a certified copy of which is attached, declaring that he was capable of practicing his profession and the petitioner having requested the Attorney General to order Attorney Guzmán Benítez to deliver to him the general archives of notarial protocols, the said Attorney General refused to do so, as is shown by the accompanying communication."

The refusal is contained in a letter which literally reads as follows:

"September 21, 1917.    Attorney Herminio Díaz Navarro, San Juan, P. R.    Sir: I have received your letter of the 14th instant requesting that you be appointed General Archivist of the district and that Attorney Juan Guzmán Benítez be notified thereof so that

he may deliver the archives to you. In answer, I have to inform you that under the power conferred by law I appointed Attorney Guzmán Benítez General Archivist of this district and, according to law, I am of the opinion that I should not revoke such appointment. Now, if you consider that you have a better right to the office than he has, your remedy as against the present General Archivist lies in the courts. Respectfully, Howard L. Kern, Attorney General.''

Is the writ of mandamus the proper remedy in this case?

As deduced from the petition, Juan de Guzmán Benítez was appointed General Archivist when the disability of the petitioner was declared. The petitioner now claims that as the declaration of his incapacity has been annulled, this court, in a proceeding to which Guzmán Benítez is not a party, should command the Attorney General of Porto Rico to remove Guzmán and reinstate the petitioner in his office.

In his work on ''Public Officers and the De Facto Doctrine,'' p. 591, Constantineau says:

''It is a very ancient and salutary principal of the common law, that where a person claims to hold an office, his title shall not come in question in an action or proceeding to which he is not a party. * * * This principle is supported alike on grounds of public policy and of justice. On grounds of public policy, because it would be against the interest of the community to allow the acts of *de facto* officers to be collaterally impeached, by drawing into question the official title of such officers. On grounds of justice, because to judge a man unheard, and without an opportunity to defend himself, would be contrary to natural equity. For these reasons, the above proposition has received the universal support of a great mass of authorities. * * * ''

In his work entitled ''Extraordinary Legal Remedies,'' p. 60, High says:

''In determining the extent to which the courts may properly interfere by mandamus with questions relating to the title to and possession of public offices, it is necessary to recur to an important principle, frequently asserted throughout these pages, and which may be properly termed the controlling principle governing the entire jurisdiction by mandamus. It is that in all cases where other ade-

quate and specific remedy exists at law for the grievance complained of, the writ of mandamus is never granted. Applying this principle to cases where relief has been sought to determine disputed questions of title to and possession of public offices, the courts have almost uniformly refused to lend their aid by mandamus, since the remedy by information in the nature of a *quo warranto* is justly regarded as the most appropriate and efficacious remedy for testing the title to an office. * * * And the rule may now be regarded as established by an overwhelming current of authority that when an office is already filled by an actual incumbent, exercising the functions of the office *de facto* and under color of right, mandamus will not lie to compel the admission of another claimant, or to determine the disputed question of title. * * * And whenever it is apparent on the face of the pleadings that the issue presented involves a determination as to the person properly elected to an office or entitled to exercise its functions, the writ of mandamus will be withheld.''

It is true that this court has issued writs of mandamus in cases involving the question of the right of a person to continue to hold a public office, but in such cases the petitioners had been removed from office without due process of law. Here the case is different. It is admitted that another person was appointed and is holding the office to which the petitioner seeks to be reinstated. The petitioner contends that as the reasons for his removal have disappeared, he is entitled to be reinstated in the office. The official whose power and duty it is to make the appointment has refused to remove the present General Archivist, Guzmán Benítez, in order to appoint the petitioner in his place. Guzmán may consider himself entitled to continue in the office and he cannot be removed without being given the opportunity to be heard. It is evident that the writ of mandamus should not be issued. See *Maverick Oil Co.* v. *Hanson et al.,* 29 Atl. 461, and People *ex rel. Wren* v. *Goetting,* 30 N. E. 969.

Moreover, the case of the petitioner is not expressly covered by the Notarial Act (see secs. 34, 35, 36), or by jurisprudence; nor is it so clear as to justify the conclusion that

the Attorney General was necessarily obliged to appoint him, and this is another reason why a writ of mandamus should not issue.

The petition should be

*Denied.*

Justices Wolf and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey absent.