DÍAZ NAVARRO, PETICIONARIO, *v.* KERN, FISCAL GENERAL DE PUERTO RICO, DEMANDADO.

SOLICITUD para que se expida un auto de *mandamus* al Fiscal General de Puerto Rico.

No. 167.—Resuelto en diciembre 14, 1917.

MANDAMUS—CARGOS PÚBLICOS—NOMBRAMIENTO DE ASPIRANTES.—Cuando un cargo está ya ocupado por una persona que ejerce las funciones del mismo, el *mandamus* no será de aplicación para obligar al nombramiento de otro aspirante o para resolver la cuestión del derecho al puesto.

ID.—DEBER DEL DEMANDADO—IMPROCEDENCIA DEL AUTO.—Cuando de la faz de la solicitud no resulta claro el deber por parte del demandado de ejecutar el acto que pretende el peticionario, no procede la expedición de un auto de *mandamus.*

Los hechos están expresados en la opinión.

El peticionario compareció en nombre propio.

El demandado también compareció en nombre propio y por su Fiscal, Salvador Mestre.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Herminio Díaz Navarro presentó a esta Corte Suprema un escrito solicitando la expedición de un auto de *mandamus* ordenando al Attorney General de Puerto Rico que disponga la entrega al peticionario de los protocolos notariales del Distrito de San Juan.

El peticionario alega en su escrito lo que sigue:

"Que es como consta en el archivo de esa Corte Suprema el abogado en ejercicio más antiguo de esta localidad.

"Que como también consta en los archivos de esa Corte Suprema venía desempeñando el cargo de Archivero General de los protocolos notariales del distrito.

"Que por haber sufrido un accidente automovilista fué declarado por la Corte de Distrito de San Juan incapaz en el ejercicio de su profesión.

"Que en virtud de ello fué nombrado para el dicho cargo el abogado Sr. Juan Guzmán Benítez.

"Que la Corte de Distrito de San Juan en la resolución que debidamente certificada acompaña, hubo de declararme hábil para el ejercicio de mi profesión y en tal virtud habiendo el que suscribe acudido al Attorney General para que ordenase al Sr. Guzmán Benítez se le entregara el archivo general de protocolos notariales, se negó a hacerlo dicho Attorney General según así se comprueba con la comunicación general que va adjunta."

La negativa consta en una carta que copiada textualmente dice así:

"Septiembre 21, 1917.  Lcdo. Herminio Díaz Navarro, San Juan, P. R.  Señor: He recibido su carta del día 14 del mes en curso, solicitando se le nombre archivero general del distrito, comunicando tal nombramiento al Sr. Juan Guzmán Benítez, para que éste proceda a la entrega del archivo.  En contestación le informo que el Sr. Guzmán Benítez, fué nombrado por mí archivero general de este distrito, de acuerdo con la ley, y que no considero que deba revocar tal nombramiento.  Ahora bien, si Ud. entiende que Ud. tiene más derecho que este señor a desempeñar el cargo, puede discutir la

existencia de tal derecho con el actual archivero general, ante los tribunales de justicia. Atentamente, Howard L. Kern, *Attorney General.*''

¿Es el auto de *mandamus.* el remedio adecuado en este caso?

Según se desprende de la solicitud, Juan de Guzmán Benítez fué nombrado archivero general cuando el peticionario fué declarado incapaz. Ahora pretende el peticionario que habiendo quedado sin efecto su declaratoria de incapacidad, esta corte ordene al Fiscal General de Puerto Rico, en un procedimiento en el que no tiene intervención Guzmán Benítez, que restituya al peticionario en su empleo, privando de él a Guzmán.

En su obra sobre funcionarios públicos, dice Constantineau:

''Es un principio muy antiguo y saludable de la ley común, que el derecho de una persona que alega ocupar un cargo, no puede considerarse en un procedimiento en el que no es parte * * *. Este principio es sostenido a la vez por razones de política pública y de justicia. Por razones de política pública, porque será contrario a los intereses de la comunidad el permitir que los actos de un oficial de facto sean atacados colateralmente, al traer a discusión el derecho al cargo de tales funcionarios. Por razones de justicia, por que fallar sin darle a la persona oportunidad de ser oída y sin que tuviera oportunidad para defenderse, sería contrario a la equidad natural. Por tales razones el citado principio ha recibido el apoyo universal de un gran número de autoridades.'' *Constantineau, Public Officers and the* de facto *doctrine,* pág. 591.

Y High, en su obra sobre remedios especiales, dice:

''Al determinar hasta qué extremo podrán intervenir propiamente las cortes por medio de un *mandamus* relacionado con la posesión de cargos públicos, es necesario recurrir a un principio importante frecuentemente discutido en nuestras páginas y que puede muy bien ser considerado como el principio dominante en toda la jurisdicción sobre *mandamus.* Esto es, que en todos aquellos casos en donde existe otro remedio adecuado, el auto de *mandamus* no es concedido. Aplicando este principio a casos donde el remedio ha sido solicitado

para determinar cuestiones relacionadas con la posesión o el derecho a un cargo, los tribunales casi uniformemente se han negado a prestar su ayuda por medio de *mandamus,* puesto que el remedio por información de *quo waranto* es justamente considerado como el más apropiado y eficaz para decidir en cuanto al derecho a un cargo público * * *. Y puede ser considerado ahora como regla establecida por infinidad de autoridades que cuando un cargo está ya ocupado por una persona que ejerce las funciones del mismo, el *mandamus* no será de aplicación para obligar al nombramiento de otro aspirante o para resolver la cuestión del derecho al puesto * * *. Y siempre que sea aparente por desprenderse de la faz de las alegaciones que la cuestión presentada envuelve una resolución en cuanto á la persona debidamente electa a un puesto, el auto de *mandamus* no será expedido." *High's Extraordinary Legal Remedies,* pág. 60.

Es cierto que esta Corte Suprema ha conocido de casos de *mandamus* en los que estaba envuelta la cuestión del derecho de una persona a continuar desempeñando un cargo público, pero en tales casos los peticionarios habían sido separados de su empleo sin el debido procedimiento legal. Aquí no. Aquí se acepta que otra persona fué nombrada y está desempeñando el cargo que pretende el peticionario. Lo que el peticionario sostiene es que habiendo desaparecido las causas que motivaron su separación, tiene derecho a volver a ocupar el cargo. La autoridad que tiene el poder y el deber 'de hacer el nombramiento, ha rehusado separar al archivero general actual Guzmán Benítez para nombrar en su lugar al peticionario. Guzmán pudiera considerar que tiene derecho a continuar en el empleo y no puede ser condenado sin dársele la oportunidad de ser oído. Es evidente la improcedencia del *mandamus.* Véanse los casos de *Maverick Oil Co.* v. *Hanson et al.,* 29 Atl. 461 y *People ex rel. Wren* v. *Goetting,* 30 N. E. 969.

Además, el caso del peticionario no está expresamente resuelto por la ley notarial, (véanse las secciones 34, 35 y 36 de la misma), ni por la jurisprudencia, ni es tan claro que

pueda sostenerse que el Fiscal General estaba en la obligación ineludible de nombrarlo, y siendo ello así, bajo este aspecto tampoco sería procedente la expedición de un auto de *mandamus.*

Debe desestimarse la solicitud.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.
Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.