## APARTMENTS BLDG. CO. v. SMILEY, County Treasurer, et al.

Circuit Court of Appeals, Eighth Circuit. April 4, 1929.

No. 8285.

James Harrington, of Tulsa, Okl. (John Rogers, of Tulsa, Okl., on the brief), for appellant.

Hugh Webster, of Tulsa, Okl. (Byron Kirkpatrick, of Tulsa, Okl., on the brief), for appellees.

Before KENYON, Circuit Judge, and FARIS and SANBORN, District Judges.

FARIS, District Judge. Plaintiff, herein appellant, a Missouri corporation, sued defendants, as county treasurer, county assessor, and (by their title as a board and not by their individual names) the board of county commissioners of Tulsa county, Okl., respectively, in two counts. By the first count, plaintiff sought to recover back the installment of taxes paid by it, as and for one-half of, the taxes for 1927, which had been paid under protest, to the county treasurer. By count 2, it sought to enjoin the

collection of the second installment of taxes for the year 1927, which, seemingly, had not been paid when this action was brought, for the reason that an Oklahoma statute in effect permits annual taxes for a given year to be paid in installments of one-half each in January and June.

The case was tried to the court without a jury, and without a specific waiver thereof, and by tacit consent. The court below found for defendants on both counts, refusing to plaintiff any measure of relief, either at law or in equity, and plaintiff thereupon appealed.

The grounds relied on by appellant here (who was plaintiff below, and will be so called hereinafter) were that a certain parcel of improved real estate, owned by plaintiff and situate in the city and county of Tulsa, had been assessed for taxes at a grossly excessive valuation, which valuation was beyond its actual value, and that, in comparison with divers other improved parcels of real estate similarly situated, the assessed value put upon plaintiff's property was flagrantly discriminatory.

Plaintiff made no return of its property for taxes, and did not apply to the board of equalization, for relief against the alleged discriminatory and excessive assessment, and, of course, did not therefore take its appeal to any state court. Section 9675, C. O. S. 1921. It did apply to the board of county commissioners for relief, on the ground of an excessive, and therefore an erroneous, assessment, and prayed for a revaluation. Being refused such revaluation by the board, it took no further steps for relief under state statutes, but at once brought the suit at bar.

Three defenses were urged below, and are relied on here: (a) That the plaintiff may not have relief, because it did not exhaust its statutory remedies; (b) that its property was not assessed in excess of its real value, even in comparison with other property of similar sort in the same city and county; and (c) if there was, in fact, discrimination, it was adventitious and not intentional.

■■ We are clearly of opinion that each of the above defenses was, upon the record and applicable law, well taken. The law seems to be well settled that plaintiff, before it is entitled to assert in a judicial tribunal the invalidity of a tax such as is here in controversy, must have exhausted its remedies before the administrative boards provided in that behalf by state statutes. First National Bank of Greeley v. Board of Commissioners of Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784. Plaintiff had

improved real estate in the county of Tulsa and state of Oklahoma which it knew was subject to state, county, and other local taxes. It was a foreign corporation, it is true, but that fact did not warrant it in failing to comply with the local statutes, or relieve it of any duty or burden incumbent upon other taxpayers owning real estate in the county and state.

The only effort made by it to secure relief before local administrative boards was an application to the board of county commissioners, wherein relief was denied by said board, for the reason that such board had no statutory right to afford relief upon the grounds urged there and here by appellant. As has been said already, these grounds are that the assessed valuation was grossly excessive, and, as compared to other property of like sort and situation, highly discriminatory. The late case of Hays v. Bonaparte, 129 Okl. 258, 264 P. 605, discussing the statutory limits to the power of the board of commissioners to afford relief, under the provisions of section 9674, C. O. S. 1921, said this:

"This statute confers upon the County Commissioners jurisdiction in two classes of cases. A portion of section 9648, C. O. S. 1921, in substance, provides that where the same property, whether real or personal, has been assessed more than once for the taxes of the same year or has been assessed for the taxes of a year to which the same was not subject, the board of county commissioners is empowered to issue a certificate of error. These two sections give the county commissioners jurisdiction in at least three classes of cases in which the board is authorized to issue certificates of error in assessment. They are as follows: First, when property has been assessed to any person not owning or claiming to own the same; second, when property has been assessed that is exempt from taxation; third, when property has been assessed more than once for the taxes of the same year or has been assessed for taxes for a year to which the same was not subject to taxation. Neither of these sections confer on the county commissioners jurisdiction in a case where the valuation has been raised by the county assessor or by the board of equalization. It follows that the county commissioners had no jurisdiction to grant plaintiff relief. If the commissioners had jurisdiction to grant relief in plaintiff's cause of action, he could not maintain his suit here, but his remedy would be before the county commissioners, and, in case of an adverse decision, an appeal therefrom."

We need not consider whether the learned

court, from whose opinion we take the above excerpt, may not, as plaintiff contends, have overlooked, in confining itself strictly to a discussion of the facts then up for judgment before it, a plenary and thorough-going statutory field of power of the board of commissioners; namely, that wherein there is made to appear "by affidavit good cause for not having attended the meeting of the county board of equalization for the purpose of correcting such error" (cf. City of Enid v. Champlin Refining Co., 112 Okl. 168, 240 P. 604), because no such situation is found among the facts in the case at bar. The allegations in plaintiff's petition do not bring it within the above-quoted statutory language; nor does the qualified admission in defendants' answer cover the point.

The petition merely alleges that plaintiff did not have any knowledge of the valuation fixed on its property by the assessor till the board of equalization had adjourned. But such lack of knowledge furnished no legal excuse. It was saddled with the duty of knowing. If mere ignorance of the assessed value arising from a lack of any effort to ascertain the fact would excuse statutory resort to the board of equalization, the local statute, so requiring, would, in effect, become a dead letter; for the taxpayer, by merely swearing that he did not know such assessed value, and had made no effort to find out, till the board had adjourned, could effectually and wholly ignore the board of equalization and force jurisdiction in all cases on the board of county commissioners. No evidence was offered on the trial about the matter; neither the petition, or application to the board of county commissioners, nor the affidavit, is before us. So absent admission, and absent evidence, we may presume right action on the part of the board of county commissioners in refusing to act, on the ground of its lack of statutory power.

The plaintiff largely relies on the City of Enid Case, supra. The wide distinction between the situation of the taxpayer in the above case and that of plaintiff here is clear. In the former case there was a return for taxes duly made by the taxpayer; here, there was none; in the former case, the assessor changed the figures in the assessment returned by the taxpayer; in the case at bar, the assessor absent return for taxes by plaintiff, and as authorized and required by law, assessed plaintiff's property as best he could. In the City of Enid Case, supra, the taxpayer failed to appear before the board of equalization, because it relied on the assessment solemnly agreed on between it and the assessor, and it had no knowledge or notice of the unauthorized change in the assessment made by the assessor; while here the plaintiff not only wholly neglected its legal duty to make a return for taxation, but also neglected to avail itself of its right to ask relief from the board of equalization, without any legal excuse for such failure. In the City of Enid Case, the matter of complaint was an assessment for taxes in a place other than that of the situs of the property taxed; here the complaint is for overvaluation and discrimination.

It follows that we agree with the learned trial court that plaintiff did not comply with the settled rule of law, which, as a condition precedent to a resort for relief to statutory and common-law courts of plenary jurisdiction, requires the taxpayer to exhaust, first, the remedies provided by statute by a resort for relief to administrative boards. First National Bank of Greeley v. Board of County Commissioners of Weld County, supra; Kansas City Southern Railroad Co. v. Ogden Levee Dist. (C. C. A.) 15 F.(2d) 637; Gorham Mfg. Co. v. Tax Commissioner, 266 U. S. 265, 45 S. Ct. 80, 69 L. Ed. 279. Indeed, plaintiff in its brief concedes the correctness of the rule of law; it, however, denies the application thereof to the facts here. We are constrained to a view upon the point contrary to that urged by appellant.

Having reached this conclusion, which disposes of the case, we need not consider whether there was an excessive, or comparably excessive, overvaluation of plaintiff's property, and, if there was, whether such overvaluation was studied and intentional. United States v. Board of Commissioners (C. C. A.) 1 F.(2d) 701. It is true that from an excessive or comparably excessive valuation a purpose to discriminate could be inferred. But, under the facts here, it is not necessary to go into that question; for, casually, it seems fairly plain that the trial court upon the law and the evidence might well have found that there was no excessive, or comparably excessive, overvaluation. Clearly, the evidence of plaintiff's own witness, Rowe, shows that no overvaluation or discrimination was either intended or in fact present.

But since, for the reason already discussed, the case should be affirmed, no reason is present for any extended discussion of other points in the case. Let it be affirmed.