64

José R., Manuel y Catalina Oliver Aresti, et als., demandantes y apelados, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, et als., demandados y apelantes.

Núm. 8187.—*Sometido:* Enero 24, 1941. *Resuelto:* Febrero 17, 1941.

*Hon. Procurador General George A. Malcolm y M. Rodríguez Ramos, Procurador General Auxiliar,* abogados de los apelantes; *E. Pérez Casalduc,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los herederos de don Andrés Oliver Roses, fallecido el 22 de febrero de 1937, pagaron al Colector de Rentas Internas de Arecibo, bajo protesta, la suma de $24,802.06, por concepto de contribución de herencia, según la valoración y cómputo

practicados por el Tesorero de Puerto Rico. El mismo día en que se hizo dicho pago, 6 de marzo de 1939, el Administrador Judicial de la herencia de Oliver se dirigió por carta al Tesorero, avisándole del pago hecho bajo protesta, exponiéndole las razones de su inconformidad y notificándole que apelaba de la valuación y cómputo hechos por él para ante la Junta de Revisión e Igualamiento.

En la petición de *mandamus* radicada ante la Corte de Distrito de San Juan se alega, en sustancia, que el tesorero se ha negado a dar curso a la apelación establecida por los peticionarios, alegando como única razón que la contribución había sido pagada bajo protesta; que tanto el Tesorero como los demás miembros de la Junta de Revisión e Igualamiento, no obstante tener conocimiento de la interposición de la apelación de los peticionarios y a pesar de haber sido requeridos para ello, se han negado a considerar y revisar la valuación y el cómputo practicados por el tesorero. Y alegando que carecen de otro recurso legal, rápido y adecuado, pidieron los peticionarios se librara auto de mandamus, requiriendo al tesorero para que dé curso a la apelación enviando todos los documentos necesarios a la junta demandada, y a ésta para que proceda a considerar y resolver dicha apelación.

Librado el auto en forma alternativa, comparecieron los demandados y radicaron una contestación en la cual, después de negar ciertos hechos y aceptar otros, alegaron: que aceptan haberse negado a dar curso a la apelación de los peticionarios, pero niegan que la razón única para tal negativa fuera la de que ya se había pagado la contribución bajo protesta, alegando en contrario que sus razones fueron las de que había sido improcedente y no existía pago alguno bajo protesta en la forma en que el mismo se había hecho, y que no existía ley alguna que autorizara a los peticionarios a establecer recurso de alzada para ante la junta demandada.

En marzo 15 de 1940 la corte inferior dictó sentencia por la que se ordena al tesorero demandado que proceda a dar curso a la apelación interpuesta por los peticionarios y que

remita a la junta todos los documentos del caso, para que la junta pueda oír y resolver dicha apelación de acuerdo con la práctica establecida.

El presente recurso, interpuesto por los demandados, se basa en los siguientes señalamientos de error:

"1. Resolver que hubo apelación o alzada de los demandantes para ante la Junta de Revisión e Igualamiento.

"2. Resolver que cumplió con los requisitos de ley la alzada o apelación a que se refiere dicha corte, resolviendo, además, que procedía la consideración por la Junta de Revisión e Igualamiento de la llamada alzada.

"3. Declarar con lugar la demanda ordenando al tesorero dar curso a la llamada apelación o alzada y a la Junta de Revisión e Igualamiento la consideración de tales reclamaciones."

Veamos cómo plantearon una y otra parte su respectiva teoría:

La de los peticionarios es: que al recibir la comunicación del tesorero notificándoles la valoración de los bienes y el montante de la contribución de herencia que debían pagar los herederos, éstos no estuvieron conformes y acordaron hacer el pago bajo protesta porque les era urgente obtener el recibo correspondiente para presentarlo a la Corte de Distrito de Arecibo; que el Administrador Judicial hizo el pago bajo protesta en marzo 6, 1939, y el mismo día avisó por carta al tesorero que había hecho dicho pago bajo protesta, notificándole además que apelaba de la valuación y cómputo por él practicados para ante la Junta de Revisión e Igualamiento; y por último, que el tesorero se ha negado a dar curso a la apelación y la junta se ha negado a considerar y resolver la alzada.

La teoría de los demandados es: que después de hecha una valuación y fijado el importe de la contribución por el tesorero, el remedio del contribuyente inconforme es el de acudir en alzada ante la Junta de Revisión, para que ésta revise las actuaciones del tesorero, y si no estuviere conforme con la resolución de la junta, en ese caso puede hacer el

pago bajo protesta y acudir ante los tribunales en cobro de la cantidad que le hubiere sido cobrada indebidamente. Pero que si—como se hizo en el presente caso—el contribuyente hace el pago bajo protesta antes de acudir en alzada ante la junta, entonces la junta no tiene facultad para ordenar la devolución de lo pagado bajo protesta.

La única cuestión a resolver en el presente recurso es la de si los hechos que hemos expuesto justifican la expedición del auto de mandamus solicitado.

■■ Las leyes vigentes en esta isla proveen el procedimiento que deberá seguir el contribuyente que no esté conforme con una contribución de herencia impuéstale por el Tesorero de Puerto Rico, para conseguir que las actuaciones de dicho funcionario sean revisadas por las cortes de justicia.

La Ley núm. 8 de 19 de abril de 1927, Leyes de ese año, pág. 123, titulada "Ley disponiendo el pago de contribuciones bajo protesta; estableciendo el procedimiento para autorizar el cobro y devolución de las mismas, etc.," dispone en su sección 1 que el contribuyente está obligado a pagar al ser requerido por el colector; y si desea hacer alguna reclamación, al efectuar el pago debe pedir al colector que consigne su protesta al dorso del recibo, firmando la nota el contribuyente y el colector. La sección 3 concede al contribuyente que ha efectuado un pago bajo protesta un plazo de un año, a partir de la fecha del pago, para demandar al Tesorero de Puerto Rico con el objeto de obtener la devolución de la cantidad pagada bajo protesta.

La Ley núm. 99 de agosto 29 de 1925 (Leyes de 1925, pág. 791), titulada "Ley para modificar y ampliar la contribución sobre transmisión de bienes por herencia, etc.," enmendada por la Ley núm. 20 de abril 27, 1933 (Leyes de 1932–33, pág. 233), dispone:

"Artículo 7.—Dentro de los treinta días después de haberse ultimado la valoración y cómputo de la contribución, podrá cualquier

persona o beneficiario a quien ésta afecte, apelar contra dicha valuación o cómputo de la contribución a la Junta de Revisión e Igualamiento.''

Antes de ser enmendado, el artículo 7 en su forma original concedía al contribuyente el derecho de apelar directamente a la corte de distrito, previo pago o afianzamiento de todas las costas y del importe de la contribución de herencia.

Para poder acudir en alzada contra la valuación y cómputo hechos por el tesorero, el contribuyente no está obligado, de acuerdo con el artículo 7, supra, ni a garantizar las costas ni a hacer el pago bajo protesta. Todo lo que tiene que hacer es apelar para ante la junta dentro de los treinta días siguientes a la fecha en que quedaron ultimados la valoración y cómputo. Si la valoración y cómputo hechos por el tesorero son confirmados o modificados por la junta y el contribuyente no estuviere conforme, en ese caso puede hacer el pago bajo protesta de acuerdo con la sección 1 de la Ley núm. 8 de 1927, supra, y recurrir ante la corte de distrito correspondiente dentro del término de un año fijado por la sección 3 de la misma ley, para recobrar la cantidad pagada bajo protesta.

En el caso de autos, los contribuyentes hicieron el pago bajo protesta y después de haberlo hecho notificaron al tesorero que apelaban para ante la junta. Al hacerlo así, renunciaron su derecho de apelación para ante la junta, pues ésta no tiene facultad ni jurisdicción para ordenar la devolución de contribuciones pagadas bajo protesta. Esa facultad la tiene la corte de distrito, cuando se recurre a ella directamente de acuerdo con la sección 3 de la Ley núm. 8 de 19 de abril de 1927, o después de dictada la resolución de la Junta de Revisión e Igualamiento, en la alzada contra la valoración y cómputo hechos por el tesorero.

La corte inferior basó su sentencia en el hecho de que de acuerdo con el artículo 9 de la Ley núm. 99 de 29 de agosto de 1925 los herederos de Oliver estaban obligados a pagar la contribución ''dentro del término de ciento ochenta

días después del fallecimiento del causante,'' exponiéndose si no hacían el pago dentro de ese plazo a que el tesorero embargase y vendiese, por la vía de apremio, bienes del causante. El peligro señalado por la corte es más aparente que real. Antes de que el tesorero pueda proceder a embargar bienes del causante por no haberse pagado la contribución de herencia dentro del plazo fijado por el artículo 9, supra, es necesario que dicho funcionario cumpla previamente con su obligación de hacer una valoración de los bienes y un cómputo de la contribución que deberán pagar los herederos, notificando a éstos oportunamente el resultado de dicha valoración y cómputo.

En el caso de autos los herederos fueron notificados de la valoración y cómputo el primero de marzo de 1939. Esa valoración y cómputo no podían ser firmes hasta que hubiese transcurrido el término de treinta días que el artículo 7 concede a los herederos para recurrir en alzada ante la junta. Una vez radicada dicha alzada, el tesorero no podía exigir el pago de la contribución antes de que la Junta de Revisión e Igualamiento dictase su resolución. Dictada esa resolución, el tesorero podía desde ese momento exigir el pago. Y entonces el único remedio de los herederos era el pago bajo protesta y recurrir a las cortes para recobrar la suma pagada. El pago hecho en el momento y en la forma en que se hizo en el presente caso es un pago prematuro y voluntario que impide a los herederos de recurrir en alzada ante la junta.

Es cierto que el tesorero demandado tiene el deber ministerial de dar curso a las alzadas interpuestas por los contribuyentes y que la junta está igualmente obligada a considerar y resolver las cuestiones planteadas por los recurrentes. Sin embargo, para que pueda ordenárseles el cumplimiento de esos deberes por medio de un auto de mandamus es necesario que el peticionario tenga un derecho claro e indiscutible a entablar una apelación para ante la junta, antes de haber pagado el importe de la contribución. Y

somos de opinión que de acuerdo con los hechos y circunstancias del presente caso los aquí peticionarios no tenían ese derecho. Véanse: *Lutz* v. *Post,* 14 D.P.R. 860; *Díaz Navarro* v. *Kern,* 26 D.P.R. 36; y *Pacheco* v. *Cuevas Zequeira,* 27 D.P.R. 205.

*Por las razones expuestas debe declararse con lugar el recurso y revocarse la sentencia apelada, con imposición de costas a los peticionarios.*