José R., Manuel y Catalina Oliver Aresti y Antonia Oliver Pérez, representada por su madre con patria potestad Antonia Pérez Zambrana, demandantes y apelantes, *v.* Rafael Sancho Bonet, Tesorero de Puerto Rico, substituído por Rafael Buscaglia, demandado y apelado.

Núm. 9115.—*Sometido:* Junio 1, 1945. *Resuelto:* Julio 2, 1945.

---

*Eduardo Pérez Casalduc*, abogado de los apelantes; *Hon. Procurador General Interino Julio Suárez Garriga, y J. Rivera Barreras, Procurador General Auxiliar*, abogados del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En marzo 6 de 1939, los demandantes, herederos de don Andrés Oliver Roses, pagaron bajo protesta la suma de $24,802.06, la cual, de acuerdo con el cómputo practicado por el Tesorero de Puerto Rico debía ser pagada por dichos herederos por concepto de contribución de herencia.

En marzo 4 de 1940, los demandantes radicaron demanda ante la Corte de Distrito de San Juan, en la cual solicitaron que se ordenase al Tesorero devolverles la suma de $8,219.24 que alegan les fué cobrada indebidamente. En la demanda, enmendada en abril 9 de 1941, se alega que los herederos demandantes se vieron compelidos a pagar la suma reclamada por el Tesorero, por haberles requerido la Corte de Distrito de Arecibo a presentar un proyecto de partición de la herencia dentro de un breve e improrrogable término, y ser necesario para la aprobación de la partición la presentación del recibo acreditativo de haberse pagado la contri-

bución de herencia; que la misma corte ordenó al Administrador Judicial que hiciera el pago bajo protesta; que el mismo día en que se hizo el pago bajo protesta, el Administrador notificó al Tesorero que apelaba de la valuación y cómputo para ante la Junta de Revisión e Igualamiento, pero el Tesorero se negó a dar curso a la apelación y la Junta se ha negado a revisar las actuaciones del Tesorero.

Alegan los demandantes, que al valorar las acciones de la Central Cambalache que poseía el finado Andrés Oliver, el Tesorero se guió única y exclusivamente por el valor que resultó del examen de los libros de la corporación, sin tener en cuenta que durante el período de enero 10 de 1936 a enero 4 de 1937, según consta del Registro de Transferencias de Acciones de Central Cambalache, Inc., unas 2339 acciones fueron transferidas a un precio promedio menor de $80 por acción; que las propias acciones que figuraban en el inventario de los bienes del causante fueron vendidas en pública subasta, con el permiso del Tesorero, para levantar fondos con que poder pagar la contribución de herencia, y fueron adjudicadas al mejor postor por el precio de $80 por acción; que valoradas dichas acciones a $80 cada una, el valor total de los bienes a repartir monta a la suma de $249,384.45, y la contribución a $15,049.07; que la suma que corresponde pagar a los demandantes asciende a un total de $16,582.82, resultando por tanto que el Tesorero les ha cobrado indebidamente la suma $8,219.24, que es la que ahora reclama.

En su contestación a la demanda, el Tesorero alegó, en síntesis, lo siguiente:

1. Que el pago hecho por los demandantes no fué hecho bajo protesta y sí voluntariamente; que nadie les obligó a pagar la contribución, pues lo único que hizo el Tesorero fué liquidar la contribución sin fijar definitivamente la obligación de pago; que contra la liquidación hecha por el Tesorero, los demandantes tenían el recurso de apelación o alzada para ante la Junta de Revisión e Igualamiento; que cualquier

pago efectuado sin haber antes apelado para ante dicha Junta, equivale a una renuncia del derecho de alzada, y el pago hecho en esas condiciones es un pago voluntario; y, por último, que la obligación de pagar el importe de las contribuciones no surge ni puede surgir antes de que la Junta resuelva la apelación o alzada que ante ella fuere interpuesta.

2. Que en 2 de diciembre de 1939, los demandantes radicaron ante la Corte de Distrito de San Juan una solicitud de *mandamus* para obligar al Tesorero y a la Junta de Revisión a conocer de un recurso de alzada que alegaron haber radicado el 6 de marzo de 1939 contra la valuación y cómputo hechos por el Tesorero en este mismo caso; y que dicho pleito se encuentra pendiente ante la Corte de Circuito, en apelación de la sentencia dictada por la Corte Suprema de Puerto Rico. (*Oliver* v. *Domenech, Tes.*, 58 D.P.R. 64).

3. Que en 20 de septiembre de 1939 los demandantes radicaron ante la Junta un llamado escrito de apelación y que la Junta nunca tomó acción en relación con el alegado recurso, limitándose a pasarlo al Tribunal de Apelación de Contribuciones creado por la Ley de 12 de abril de 1941 (núm. 172, (1) pág. 1039), ante el cual se encuentra pendiente dicho recurso.

4. Que la Corte de Distrito carece de jurisdicción para conocer del pleito y sobre la persona del demandado.

5. Que los hechos alegados en la demanda son insuficientes para determinar una causa de acción.

6. Que de acuerdo con la Ley núm. 8 de 19 de abril de 1927, la acción que se trata de ejercitar está prescrita.

La Corte de Distrito, por entender que los demandantes no acudieron previamente a la Junta de Revisión e Igualamiento y que el pago hecho por ellos en marzo 6 de 1939 era voluntario y prematuro y no bajo protesta, dictó sentencia desestimando la demanda por falta de jurisdicción e imponiendo las costas a los demandantes.

Alegan los apelantes que la Corte inferior erró: (1) al resolver que carecía de jurisdicción para conocer del caso, fundándose en que la acción había sido iniciada bajo las disposiciones de la Ley núm. 8 de 1927, "sin haber agotado antes los recursos administrativos otorgados por el artículo 7 de la Ley núm. 99 de 29 de agosto de 1925, según el mismo fuera enmendado por la Ley núm. 72 de 12 de mayo de 1936"; (2) al resolver que el pago de la contribución no fué hecho bajo protesta; y (3) al no considerar la evidencia aportada por las partes.

Antes de entrar a considerar los anteriores señalamientos debemos hacer constar que en el caso de *Oliver* v. *Domenech, Tes.*, supra, entre las mismas partes, resolvimos que la facultad para ordenar la devolución de contribuciones pagadas bajo protesta correspondía a las cortes de distrito y no a la Junta de Revisión e Igulamiento; y que cuando se paga la contribución de herencia impuesta por el Tesorero, bajo protesta, antes de recurrir en alzada para ante la Junta de Revisión e Igualamiento, se renuncia a ese derecho de alzada, pues la Junta no estaba facultada para ordenar la devolución de contribuciones pagadas bajo protesta. De nuestra decisión declarando no haber lugar a la expedición del *mandamus* contra el Tesorero y la Junta, apelaron los demandantes para ante la Corte de Circuito, la cual desestimó el recurso en febrero 26 de 1942.

Habiendo los contribuyentes renunciado el derecho a recurrir ante la Junta de Revisión e Igualamiento, debemos considerar el presente caso como uno en el que el contribuyente, después de haber hecho un alegado pago bajo protesta, recurre directamente a la Corte de Distrito solicitando la devolución de la suma cobrádale indebidamente.

La única cuestión a resolver es si los demandantes tenían derecho a recurrir directamente a la Corte de Distrito, sin haber agotado antes el remedio administrativo concedido por las leyes entonces vigentes.

El artículo 7 de la Ley núm. 99 de 29 de agosto de 1925 (pág. 791), titulada "Ley para Modificar y Ampliar la Contribución sobre Trasmisión de Bienes por Herencia", según fué enmendado por la Ley núm. 72 de 1936 ((1) pág. 371) dispone:

"Dentro de los treinta días después de haberse ultimado la valoración y cómputo de la contribución, podrá cualquier persona o beneficiario a quien ésta afecte, apelar contra dicha valuación y cómputo de la contribución a la Junta de Revisión e Igualamiento."

No existe en la mencionada Ley núm. 99 de 1925 disposición alguna por la cual se requiera el pago bajo protesta de la contribución de herencia impuesta por el Tesorero, como condición previa para poder recurrir en alzada ante la Junta de Revisión e Igualamiento. Los contribuyentes en este caso, al ser notificados en marzo 1 de 1939 de la valoración y cómputo practicados por el Tesorero, pudieron haber recurrido en alzada ante la Junta de Revisión e Igualamiento, dentro de los treinta días siguientes al de la notificación, sin necesidad de pagar suma alguna, por no requerirlo la ley. Los demandantes, erróneamente y sin estar obligados a ello por ley alguna, pagaron la suma total fijada por el Tesorero como importe de la contribución de herencia, haciendo constar al dorso del recibo que les fué otorgado que el pago se hacía bajo protesta; y después de haber efectuado dicho pago, apelaron para ante la Junta de Revisión e Igualamiento. El pago hecho en esas condiciones, siendo un pago voluntario, surtió el efecto legal de renunciar el derecho de apelación para ante la Junta. *Oliver* v. *Domenech, Tes.*, supra.

La Ley núm. 8 de 19 de abril de 1927, titulada "Ley Disponiendo el Pago de Contribuciones bajo Protesta, etc.", (Comp. 1941, pág. 1355) contenía las siguientes disposiciones que consideramos pertinentes al caso que estamos considerando:

Disponía la sección 1, que cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, estará, no obstante, obligado a pagar la contribución totalmente, "a requerimiento del colector de rentas internas de su distrito", y si deseare establecer alguna reclamación, "al efectuar el pago, pedirá a dicho colector . . . . ., que consigne su protesta al dorso del recibo".

Desde el año 1905 esta Corte Suprema, en *Guerra* v. *Tesorero de Puerto Rico,* 8 D.P.R. 292, estableció la doctrina de que el contribuyente debe agotar el remedio administrativo, apelando para ante la Junta de Revisión e Igualamiento, antes de que pueda recurrir ante los tribunales de justicia.

En *Ríos* v. *Richardson, Tesorero,* 24 D.P.R. 547, .el demandante solicitó la devolución de contribuciones pagadas bajo protesta. La corte de distrito sostuvo la excepción previa de insuficiencia de la demanda, por no haberse alegado en ella que se hubiera interpuesto recurso de alzada para ante la Junta de Revisión. e Igualamiento. La sentencia fué confirmada, resolviéndose que la ley disponiendo el pago de contribuciones bajo protesta no derogó los artículos del Código Político (308, 309 y 310) por virtud .de los cuales se creó la Junta de Revisión e Igualamiento; y que, por consisiguiente, el contribuyente que deje de acudir a la Junta en solicitud de un remedio, cuando ésta tiene poder para actuar, no puede pagar bajo protesta y luego recobrar las contribuciones en una acción establecida con ese fin ante los tribunales.(¹)

La jurisprudencia de las cortes federales y estatales sostiene que el contribuyente debe agotar los remedios administrativos que la ley pone a su alcance, recurriendo ante las juntas que están facultadas para revisar la tasación y la im-

---

(¹)Nada de lo dicho por esta Corte en los casos de *La Correspondencia de Puerto Rico* v. *Buscaglia, Tesorero,* 58 D.P.R. 680, 684, y en *Oliver* v. *Domenech,* supra, deberá ser interpretada en el sentido de que por los mismos se haya modificado o revocado la decisión de esta Corte en *Ríos* v. *Richardson, Tes.* 24 D.P.R. 547, la cual confirmamos por la presente.

posición de contribuciones, antes de que pueda recurrir a los tribunales de justicia.(²) Cuando la legislatura ha creado una junta facultada para revisar y modificar las contribuciones impuestas por el Tesorero y ha provisto el procedimiento que el contribuyente deberá seguir para obtener la revisión, la apelación o alzada ante esa Junta es una condición precedente al derecho que pueda tener el contribuyente para recurrir a los tribunales de justicia.

En el caso de autos los contribuyentes trataron de hacer uso del remedio administrativo provisto por la sección 7 de la Ley núm. 99 de 1925, enmendada por la Ley núm. 72 de 1936, supra, acudiendo en alzada ante la Junta de Revisión. Empero, el pago de la contribución fijada por el Tesorero, antes de establecer la apelación y sin estar legalmente obligados los herederos a efectuar dicho pago, produjo el efecto legal de renunciar el derecho de apelación para ante la Junta.

*No erró la Corte inferior al desestimar la demanda por falta de jurisdicción. La sentencia recurrida debe ser confirmada.*

---

(²)*First National Bank of Greeley* v. *Board of County Commrs.*, 264 U.S. 450, 68 L. ed. 784; *Gorham Mfg. Co.* v. *State Tax Comm.*, 266 U.S. 265, 69 L. ed. 279; *Ward* v. *Alsup*, 46 S.W. 573; *Farmers Nat. Bank* v. *Board* (Ky.) 8 S.W. 2d 401; *Apartments Bldg. Co.* v. *Smiley*, 32 F. 2d 142; *Washburn Wilson Seed Co.* v. *Jerome County*, 138 P. 2d 978.